IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | Civil No. 11-21 Erie |
|---|---|---|
| | ) | Criminal No. 06-10 Erie |
| v. | ) | Chief Judge Sean J. McLaughlin |
| ROBERT EARL NOBLE, | ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., Chief Judge

This matter is before the Court upon Defendant Robert Earl Noble's "Motion to Amend/Alter Judgment and/or Reconsider" [Dkt. 92] ("Motion to Reconsider"). The instant motion references two prior motions filed by Defendant: a motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Dkt. 81], and a "Motion to Amend" in which Defendant supplied additional facts and argument in support of his Section 2255 motion. [Dkt. 87]. In his motions, Defendant contended that both trial and appellate counsel were ineffective and that the Assistant United States Attorney engaged in prosecutorial misconduct. The government responded that Defendant's motion was untimely, procedurally barred, meritless, and that Defendant had waived his right to file a motion collaterally attacking his sentence.

On July 8, 2013, this Court issued a Memorandum Order and Opinion [Dkt. 91] denying Defendant's Section 2255 Motion on the ground that Defendant had

knowingly and voluntarily agreed to surrender his right to collaterally attack his sentence as part of the terms of his plea agreement with the government.  See Memorandum Opinion and Order, 7/8/2013, p. 22.  In order to ensure an adequate review of Defendant's assertions, the Court also reviewed the substantive allegations underlying Defendant's motion and determined that they lacked merit.  Id.  In so doing, the Court considered both the arguments and factual assertions raised in Defendant's Section 2255 Motion and those contained in his "Motion to Amend," which the Court viewed in the nature of a reply brief.  See Memorandum Opinion and Order, 7/8/2013, p. 5 (characterizing Defendant's "Motion to Amend" as a reply brief).  Having concluded that the arguments contained in each of Defendant's submissions had been waived and were non-meritorious, the Court denied Defendant's Motion to Amend as moot so as to administratively clear the motion from its docket.

In the instant Motion to Reconsider, Defendant suggests that the Court erred by ignoring the arguments contained in his Motion to Amend and by dismissing the same as moot.  Defendant is incorrect.  A careful review of the Court's previous order reveals that each of the assertions and arguments contained in Defendant's Motion to Amend were considered and, in several instances, directly cited throughout the Order.  See Memorandum Opinion and Order, 7/8/2013, pp. 1, 5, 12-13.  Indeed, the Court relied heavily upon that precise document in determining that Defendant's habeas motion was not time-barred.  Id. at 12-13.

Consequently, Defendant has not stated any adequate ground for reconsideration and his motion to Amend/Alter Judgment and/or Reconsider [Dkt. 92] is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

IT IS SO ORDERED.

/s/ - Sean J. McLaughlin
Chief United States District Judge

cm: All parties of record.